KEVIN V. RYAN, SBN 118321
United States Attorney
JOANN M. SWANSON, SBN 88143
Assistant United States Attorney
Chief, Civil Division
SARA WINSLOW, DCBN 457643
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7260
Facsimile: (415) 436-7169

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH JORDAN, <br><br> Plaintiff, <br><br> v. <br><br> JO ANNE B. BARNHART, <br> Commissioner of Social Security, <br><br> Defendant. | CIVIL NO. 04-04043 MHP <br><br> STIPULATION AND ORDER OF REMAND |

The Commissioner has notified the United States Attorney's Office that the Appeals Council has requested a remand of the above-captioned case pursuant to sentence six of 42 U.S.C. § 405(g), because the claim file of the Administrative Law Judge's decision dated February 18, 2003 cannot be located at this time.

Upon receipt of the court order, the Appeals Council will remand the case to an Administrative Law Judge for reconstruction of the administrative record and to hold another hearing and issue a new decision

Pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g):

> The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner .

See Melkonyan v. Sullivan, 501 U.S. 89, 101 n.2 (1991); Shalala v. Schaefer, 509 U.S. 292(1993).

1 | The joint conference committee of Congress in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act) stated that in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Secretary. The intent of the committee was that such procedural defects be considered "good cause" for remand. The committee states:

> Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record . . . (H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980)).

Good cause having been shown, the parties agree that this action should be remanded to the Commissioner of Social Security for further proceedings as stated above. Defendant will reinstate the action in this Court when plaintiff's record is complete and/or when an administrative transcript is prepared.

Dated: July 1, 2005

/s/
GERI KAHN
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: July 1, 2005     By:     /s/
SARA WINSLOW
Assistant United States Attorney

PURSUANT TO STIPULATION, IT IS SO ORDERED that this action is remanded, pursuant to sentence six of 42 U.S.C. 405(g), to the Commissioner for further proceedings as stated above.

Dated: July 5, 2005

_____
MARILYN HALL PATEL
United States District Judge

JORDAN, REMAND STIP S6 (jk)
C 04-04043 MHP

2